**FAULTLESS STARCH COMPANY,**
**Appellant,**

v.

**SALES PRODUCERS ASSOCIATES,**
**INC., Appellee.**

**Patent Appeal No. 75–618.**

United States Court of Customs
and Patent Appeals.

March 11, 1976.

Joseph B. Bowman, Kansas City, Mo. (Lowe, Kokjer, Kircher, Wharton & Bowman, Kansas City, Mo.), atty. of record, for appellant.

Robert D. Hovey, Kansas City, Mo., atty. of record, for appellee. Schmidt, Johnson, Hovey & Williams, Kansas City, Mo., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This is an appeal from the decision of the Patent and Trademark Office Trademark Trial and Appeal Board (board), 185 USPQ 824 (1975), dismissing appellant's (Faultless') opposition No. 54,094, filed March 21, 1973, against application serial No. 401,883, filed September 2, 1971, for registration of the mark "FAULTLESS" for canned foods such as vegetables, potatoes and pickles. Appellee (Sales Producers) alleges use since 1891. Faultless owns a plurality of trademarks and trademark registrations [1] consisting of or including the term "FAULTLESS" for laundry starches and various other household cleaning and laundry products, whose sales have exceeded $150,000,000 and whose promotional expenses have exceeded $15,000,000. Faultless established that its first use of the term "FAULTLESS" occurred in 1887.

The sole issue is whether Sales Producers' mark so resembles that of Faultless as to be likely when applied to Sales Producers' goods, to cause confusion or mistake, or to deceive within the meaning of 15 U.S.C. § 1052(d).

The prior continuous user,[2] Faultless, argues that confusion is likely because the involved goods move in the same trade channels, are purchased by the same consumers, and are juxtaposed when displayed in supermarkets, citing *Hunt Foods & Industries v. Gerson Stewart Corp.*, 367 F.2d 431, 54 CCPA 751, 151 USPQ 350 (1966), as precedent.

We reiterate that the ultimate conclusion regarding likelihood of confusion is necessarily drawn from all probative facts in evidence in each individual case. That conclusion, as distinguished from general rules of law or interpretation, cannot be controlled by earlier conclusions such as that reached in *Hunt*.[3] "[E]ach case must be decided on its own facts. There is no litmus rule which can provide a ready guide to all cases" and "Each [evidentiary element] may from case to case play a dominant role." *In re E. I. duPont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). Thus *Hunt* does not establish that foods and cleaning compounds are so similar that use of the same or similar marks thereon will in every case result in a likelihood of confusion. Although the movement, consumption and juxtaposition of goods parallel those in *Hunt,* the mark therein was a surname, whereas "FAULTLESS" is a laudatory term; survey and other evidence in *Hunt* established a greater degree of fame for "HUNT" than Faultless has established for its mark; the existence of actual confusion was established in *Hunt* but has not been established here.

Considering the wide variety of different goods currently sold in supermarkets and the absence of survey or other evidence tending to establish a likelihood of confusion, we agree with the board's statement that "considering the nature of the word 'FAULTLESS' and the differences between the goods here involved, it our opinion that applicant's use thereof is not at all likely to cause confusion, mistake or deception or to falsely suggest a connection with opposer," which is but another way of say-

---

1. Reg. Nos. 51,025; 746,087; 743,621; 813,633; 917,384; 942,103; 942,208 and 950,029 issued on April 3, 1906; March 5, 1963; January 15, 1963; August 23, 1966; July 27, 1971; August 29, 1972; September 5, 1972 and January 2, 1973 respectively.

2. Sales Producers submitted numerous state registrations as evidence of early use. State registrations alone do not establish use. 2 J.

McCarthy, *Trademarks and Unfair Competition* § 22:2 (1973). We note the absence from the record of proof of any specific date of first use inuring to the benefit of Sales Producers.

3. *Hunt* was not argued herein before the board. See *Curtice-Burns, Inc. v. Northwest Sanitation Products, Inc.,* 530 F.2d 1396, 189 USPQ 138 (CCPA 1976).

ing that Faultless failed to meet its burden of establishing a likelihood of confusion. Accordingly, the decision of the board is *affirmed.*

**AFFIRMED.**